IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **STONEY THOMPSON,** | ) | **CASE NO. 3:13CV529** |
| | ) | |
| Petitioner, | ) | |
| | ) | **JUDGE JEFFREY HELMICK** |
| v. | ) | |
| | ) | **MAGISTRATE JUDGE** |
| **ED SHELTON,** | ) | **JONATHAN D. GREENBERG** |
| | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | **(Doc. No. 52)** |

This matter is before the magistrate judge pursuant to Local Rule 72.2.  Before the Court is the petition of Stoney Thompson ("Thompson" or "Petitioner"), for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  Currently pending is Thompson's Motion to Stay Proceedings and Hold Petition in Abeyance.  (Doc. No. 52.)  Respondent Ed Shelton does not oppose the motion.  For the following reasons, it is recommended Thompson's Motion to Stay (Doc. No. 52) be GRANTED as set forth below.

Thompson filed his petition for writ of habeas corpus in this Court on March 11, 2013, raising five grounds for relief.  (Doc. No. 1.)  Respondent filed his Answer/Return of Writ in June 2013, and Thompson filed his Traverse in October 2013.  (Doc. No. 6, 21.)  In November 2013, Respondent filed a Reply to the Traverse in November 2013, after which (at the direction of the Court) Thompson filed a sur-reply in support of his Traverse.  (Doc. No. 29, 31.)

On December 17, 2013, this Court (through then-assigned Magistrate Judge Nancy Vecchiarelli) issued a Report & Recommendation that the Court (1) dismiss the Petition without

prejudice to refiling; (2) order Thompson to exhaust his state court remedies with respect to the new evidence he asserts in support of his claim of actual innocence; and (3) condition the prospective equitable tolling of Thompson's statute of limitations on his prompt return to state court and, thereafter, his prompt return to federal court. (Doc. No. 32.) District Judge Jeffrey Helmick adopted the Report & Recommendation on January 21, 2014, and ordered Thompson to (1) return to state court within 30 days, and (2) renew or refile his habeas petition within 30 days of exhausting his state court remedies. (Doc. No. 33.)

Over two years later, on September 13, 2016, Thompson filed a "Request to Reactivate [his] Federal Habeas Petition and Leave to Supplement." (Doc. No. 38.) Therein, Thompson stated he had exhausted his state remedies and asked the Court to reactivate his petition. (*Id*.) Judge Helmick granted the motion on October 25, 2016. (Doc. No. 39.)

On October 31, 2016, the undersigned ordered Thompson to file his supplementation by no later than November 30, 2016. (Doc. No. 40.) After receiving two extensions of time, Thompson filed his "Supplemental Memorandum and Evidence in Support of Relief and Request to Supplement" on January 20, 2017. (Doc. No. 46.) Respondent filed his Response to Thompson's Supplemental Memorandum on March 20, 2017. (Doc. No. 48.)

On May 1, 2017, Thompson filed a Motion to Stay Proceedings and Hold Petition in Abeyance. (Doc. No. 52.) In his Motion, Thompson asserts that, due to a change in Ohio law,[1] his counsel recently gained access to a large volume of Toledo Police Department ("TPD")

---

[1] Specifically, Thompson cites *State ex rel. Caster v. Columbus*, 2016 Ohio 8394 (Ohio S. Ct. Dec. 28, 2016), in which the Ohio Supreme Court overruled its previous position on the specific investigatory work-product exception to Ohio's public records law and held that the exception ends with the conclusion of trial.

2

records relating to his underlying criminal conviction.  (*Id*.)  Thompson asserts many of these records were not provided to his state court trial counsel and suggests at least some of them may constitute *Brady* material, including exculpatory DNA test results and witness statements.  (*Id*.)  Specifically, Thompson claims as follows:

> . . . [T]he records change everything.  There are several hundreds of pages of documentation, videotaped interviews, and the results of exculpatory DNA testing that largely have never before been seen by the defense, either at trial or in appeals.  Key segments, including contradictory witness statements and the collection and testing of physical evidence, were illegally redacted in their entirety before they were presented to trial counsel.
>
> Additional new violations of *Brady* and *Giglio* are apparent in this material . . . No Ohio court has had the opportunity to evaluate this illegally withheld evidence.  Indeed, copies are only now being made available to the defense, so the full scope of Thompson's claims are not yet even known.

(*Id.* at 3.)  Thompson argues that "[s]ince it would be virtually impossible to fairly evaluate any of these claims without evaluating all of them at once, the best course of action is to stay these proceedings and hold Mr. Thompson's habeas petition in abeyance until remedies are exhausted in state court."  (*Id*. at 5.)

Respondent has expressly indicated he "does not oppose a stay and abeyance to allow petitioner to exhaust state court remedies once Thompson has organized the new evidence." [2] (Doc. No. 50 at 6.)  Indeed, Respondent acknowledges "there appears to be good cause for [Thompson's] failure to previously obtain investigatory files from the Toledo Police

---

[2] Prior to filing his Motion to Stay, Thompson filed a motion for extension of time and pretrial conference, seeking additional time to obtain and review the newly disclosed TPD records. (Doc. No. 49.)  Respondent opposed the motion to the extent Thompson sought to rely on any of this evidence in these habeas proceedings but indicated he did not oppose a stay to allow Thompson to exhaust state court remedies on constitutional claims relating to this new evidence.  (Doc. No. 50.)  After Thompson filed his Motion to Stay, Respondent did not file a response.

3

Department." (*Id.*) He notes "[i]f this Court determines that a stay is appropriate, then Respondent respectfully requests that the Court order Thompson to return to state court within 90 days, and ultimately inform the Court within 30 days of the conclusion of his state court proceedings. Further, Respondent requests the Court allow him sixty (60) days from the day the stay is lifted to obtain the additional state court documents and file any supplement to the Return of Writ." (*Id.*)

As both parties agree stay and abeyance is warranted in light of the newly disclosed Toledo Police Department records, it is recommended Thompson's Motion for Stay and Abeyance (Doc. No. 52) be GRANTED. It is further recommended the stay be granted on the condition that Thompson (1) initiate state court proceedings within ninety (90) days of this Order; (2) file quarterly status reports in this Court regarding the progress of state court proceedings; and (3) seek reinstatement on this Court's active docket within thirty (30) days of fully exhausting his state court remedies.[3] Finally, it is recommended Respondent be allowed sixty (60) days from the date the stay is lifted to supplement the Return of Writ.

Date:   September 5, 2017                     *s/ Jonathan D. Greenberg*
                                              Jonathan D. Greenberg
                                              United States Magistrate Judge

---

[3] The Court notes that, to the extent Thompson seeks to pursue new habeas claims as a result of his exhaustion of state court remedies relating to the TPD records and/or other newly discovered evidence, he will need to seek leave to amend his Petition to assert any such claims once the matter is reinstated on this Court's active docket.

## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).